**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Louis Guillen, ) | No. CIV-01-1337-PHX-MHM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Terry Stewart, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On September 26, 2002, this Court issued an Order adopting the Report and Recommendation of the Magistrate Judge and denied Petitioner's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (Doc. 20). Petitioner was convicted in the Superior Court of Arizona, Pinal County, of one count of second-degree murder pursuant to a plea agreement on September 13, 1999. Petitioner had pleaded no contest to an amended indictment. Petitioner was sentenced to 20 years imprisonment, said sentence to be served concurrently with the 26-year sentence Petitioner was then serving. In his Petition filed under § 2254, Petitioner raised the following claims: that the sentencing judge was biased, that the trial court violated due process by relying on erroneous information in imposing an aggravated sentence, ineffective assistance of counsel during sentencing, conflict of interest with his defense attorneys, and failure of the trial court to follow Ariz.R.Crim.P. 1.10 regarding his request for a change of judge. Petitioner did not file a direct appeal of his state

1   court conviction.  He filed a petition for post-conviction relief in state court. Petitioner
2   presented his claims to the state appellate court and therefore properly exhausted his state
3   remedies for federal habeas corpus purposes.
4       On April 12, 2005, Petitioner filed a motion for relief from the Judgment under
5   Fed.R.Civ.P. 60(b)(5), (6) supported by a declaration of facts.  (Doc. 27-28).  Respondent
6   filed a response in opposition on July 13, 2005 (Doc. 31) and Petitioner has filed a reply.
7   (Doc. 32).  Petitioner seeks relief from this Court's Judgment denying his Petition under §
8   2254.  Petitioner contends that he was entitled to have a jury determine beyond a reasonable
9   doubt any aggravating factors relevant to his sentence.  Petitioner cites, inter alia, Apprendi
10  v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), Blakely v.
11  Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and United
12  States v. Ameline, 400 F.3d 646 (9th Cir.), *reh. en banc*, 409 F.3d 1073 (9th Cir. 2005), in
13  support of this contention.  Petitioner also contends that counsel was ineffective during
14  sentencing, again asserting that the state trial court should not have imposed an aggravated
15  sentence.  Petitioner contends in his reply that Apprendi was decided on June 26, 2000, and
16  that he filed his initial post-conviction petition on July 21, 2000.  Petitioner asserts that courts
17  were on notice of the Apprendi holding at the time of his state post-conviction proceedings.
18      Rule 60(b) provides in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> ...(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions under Rule 60(b)(5) or (6) "shall be made within a reasonable time."

    The Court must determine whether Petitioner's motion is in fact a Rule 60(b) motion or is a second or successive habeas petition under 28 U.S.C. § 2244(b).  Petitioner seeks to challenge the Court's previous resolution of two of his claims on the merits.  Petitioner asserted in his habeas petition that the state trial court relied on false information in imposing

- 2 -

1 an aggravated sentence and that counsel was ineffective in failing to prepare for the
2 mitigation hearing and in presenting mitigating information.  In his motion for relief from
3 judgment, Petitioner contends that he was entitled to have a jury determine beyond a
4 reasonable doubt any aggravating factors relevant to his sentence.  Petitioner also raises a
5 claim of ineffective assistance of counsel in this regard.  A Rule 60(b) motion such as the one
6 filed by Petitioner which raises claims for relief rather than challenges to defects in the
7 federal habeas corpus proceeding is treated as a successive habeas corpus petition subject to
8 28 U.S.C. § 2244(b).  Gonzalez v. Crosby, __U.S.__, 125 S.Ct. 2641, 2647 (2005).

9 Before a "second or successive" § 2254 petition may be filed in the district court, a
10 petitioner must first obtain an order from the court of appeals authorizing the district court
11 to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  The court of appeals will not issue an
12 order authorizing a successive petition unless the petition meets the requirements of 28
13 U.S.C. §§ 2244(b)(2).  Petitioner has not presented an authorization order from the United
14 States Court of Appeals for the Ninth Circuit.

15 In the absence of proper authorization, this Court lacks jurisdiction over the merits of
16 a "second or successive" petition.  See  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
17 2001) (*per curiam*), cert. denied, 538 U.S. 984 (2003).  Consequently, the Petition and this
18 action must be dismissed without prejudice.  The Clerk of Court will be directed to provide
19 Petitioner a form approved by the Ninth Circuit for filing an Application for Leave to File
20 Second or Successive Petition or Motion Under 28 U.S.C. § 2254, should Petitioner decide
21 to attempt to obtain authorization.

22 **Accordingly**,
23 **IT IS ORDERED:**
24 (1) That Petitioner's Fed.R.Civ.P. 60(b) motion (Doc. 27) is denied without prejudice
25 to allow Petitioner to seek leave of the Ninth Circuit Court of Appeals to file a second or
26 successive petition; and

27
28

1    (2) That the Clerk of Court shall provide Petitioner a form approved by the Ninth
2 Circuit for filing an Application for Leave to File Second or Successive Petition or Motion
3 Under 28 U.S.C. § 2254.

4    DATED this 22th day of December, 2005.

_____
Mary H. Murguia
United States District Judge